UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| US BANK NATIONAL ASSOCIATION, | No. C-12-5085 EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |
| GINA M. O'KEEFE, | |
| Defendant. | **(Docket Nos. 4, 11)** |

Plaintiff filed an *ex parte* motion to remand this case to state court on October 15, 2012. The Clerk of the Court issued a notice to Defendant informing her that any response to the motion should be filed within 14 days. This time has passed, and Plaintiff has failed to file a response.

## I. FACTUAL & PROCEDURAL HISTORY

On July 22, 2011, Plaintiff US Bank National Association brought an unlawful detainer action against Defendant Gina O'Keefe in the Superior Court of California, County of Sonoma. Docket No. 1. Plaintiff's complaint alleged that Plaintiff had purchased the subject property in a foreclosure sale, and that Defendants continued to occupy the subject property after the foreclosure sale. Docket no. 1 at 14.

Plaintiff's complaint was served upon Defendant on August 8, 2012. Motion ¶ 4. On October 1, 2012, Defendant removed the case to federal court on the grounds that Plaintiff's complaint presented federal questions. Docket No. 1 at 3 ¶ 6. On October 15, 2012, Plaintiff filed a motion to remand back to state court.

## II. DISCUSSION

A.  Failure to Remove Within 30 Days

Plaintiff argues that Defendant's Notice of Removal was untimely filed. A defendant has "30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B) (2006). Here, Plaintiff states that the complaint was served upon Defendant on August 8, 2012. Motion ¶ 4. Defendant did not remove the case to federal court until October 1, 2012, nearly two months after being served. *See* Docket No. 1 at 1. Plaintiff contends, and this Court finds, that remand is warranted on this ground alone.

B.  Lack of Jurisdiction

The Court additionally finds that remand is appropriate because the Court lacks subject matter jurisdiction over this case.

First, the Court lacks federal question jurisdiction over the case. Under the well-pleaded complaint rule, federal question jurisdiction must be based on the contents of the plaintiff's complaint, *not* on defendant's answer or counterclaims. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (202). Here, Defendant allegedly removed this case on the ground that Plaintiff's complaint presented federal questions. Docket No. 1 at 2. However, the only federal question identified by Defendant is Defendants' defenses under 12 U.S.C. § 5220. Docket No. 1 at 3 ¶ 8. Defendant does not identify any federal questions in Plaintiff's complaint, and Plaintiff's complaint asserts only state claims. Because Plaintiff's complaint is limited to state claims, the Court lacks federal question jurisdiction over this case.

Second, the Court lacks diversity jurisdiction over this case. Diversity jurisdiction requires both complete diversity in citizenship between the parties and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332 (2006). Here, Plaintiff's complaint merely seeks possession of the property in question and damages in the amount of $58.26 for each day Defendant continues in possession of the property. This does not satisfy the amount in controversy requirement. Accordingly, the Court lacks diversity jurisdiction over this case.

Because the Court lacks subject matter jurisdiction over this case, the Court finds that remand to state court is appropriate.

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's application for remand of this action to state court. Accordingly, this case is **ORDERED** remanded to state court from which it was removed.

This order disposes of Docket Nos. 4 and 11.

IT IS SO ORDERED.

Dated: November 13, 2012

_____
EDWARD M. CHEN
United States District Judge

3